MICHAEL C. GERAGHTY
ATTORNEY GENERAL

David L. Bernhardt
Lawrence J. Jensen
Brownstein Hyatt Farber Schreck, LLP
1350 I. Street, NW, Suite 510
Washington, D.C. 20005-3305
Telephone: (202) 296-7353
Facsimile: (202) 296-7009
Email: dbernhardt@bhfs.com
      ljensen@bhfs.com
Counsel for Plaintiff State of Alaska
*Pro Hac Vice Applications Pending*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br>Plaintiff,<br><br>v.<br><br>SALLY JEWELL, in her official capacity as the United States Secretary of the Interior; DANIEL M. ASHE, in his official capacity as Director of the United States Fish and Wildlife Service; GEOFFREY HASKETT, in his official capacity as Alaska Regional Director of the Fish and Wildlife Service; THE UNITED STATES FISH AND WILDLIFE SERVICE; and THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | CIVIL ACTION NO.:<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**<br>**(**Declaratory Judgment Act, 28 U.S.C. § 2201; Administrative Procedures Act, 5 U.S.C. §§ 551 et seq.) |

## INTRODUCTION

1. The State of Alaska brings this action to challenge the defendants' unlawful refusal to consider the State's "ANILCA Section 1002(d) Exploration Plan and Special Use Permit Application" (Exploration Plan). The defendants improperly rejected the Exploration Plan without any review, despite ANILCA's express authorization allowing oil and gas "exploratory activity within the coastal plain" of the Arctic National Wildlife Refuge (ANWR). The defendants based their improper refusal on erroneous claims that the defendants' authority to approve such a plan expired in 1987 and that the Exploration Plan was not submitted within the regulatory deadlines.

2. This action is brought under:

   a. Section 1002 of the Alaska National Interest Lands Conservation Act ("ANILCA"), Pub. L. No. 96-487 (1980), 16 U.S.C. § 3142, which authorizes "exploratory activity within the coastal plain" of the Arctic National Wildlife Refuge—also known as "the 1002 area" —and mandates that all exploration plans meeting certain requirements be approved by defendants;

   b. the Declaratory Judgment Act, 28 U.S.C. § 2201, which authorizes a federal district court in a case of actual controversy to declare the rights and other legal relations of an interested party seeking such declaration; and

   c. the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551 et seq., which provides a right of judicial review to persons suffering a legal wrong because of agency action or adversely affected or aggrieved by agency action within the meaning of a relevant statute.

3.      By way of this lawsuit, the State of Alaska requests the Court set aside defendants' unlawful refusal to consider the State's Exploration Plan and order the USFWS to review the State's Exploration Plan in accordance with sections 1002(d) and (e) of ANILCA. The State also requests the Court declare the State's Exploration Plan was timely submitted in accordance with the regulations at 50 C.F.R. § 37.21. In the alternative, the State requests the Court find that the time limits in the regulations as applied to the State's Exploration Plan are in violation of ANILCA and therefore invalid.

## PARTIES

4.      The Plaintiff State of Alaska is a sovereign state, with an interest in the management and conservation of all land and natural resources within its boundaries. The State has a particular interest in ensuring that the provisions of ANILCA, which Congress decreed should "provide[] adequate opportunity for satisfaction of the economic and social needs of the State of Alaska and its people," are faithfully administered and enforced. 16 U.S.C. § 3101(d). In bringing this lawsuit, the State of Alaska seeks to confirm and retain its right to provide adequate opportunity for the satisfaction of the economic and social needs of the State and to remediate and prevent the attendant harm of being deprived of this right. Specifically, the State seeks to have its exploration plan and special permit application approved so that modern, accurate data regarding the oil and gas reserves of the 1002 area may be obtained and be available to inform future decisions by Congress regarding the management of the 1002 area.

5.      Defendant Sally Jewell is the Secretary of the Department of the Interior and is being sued in her professional capacity. The Secretary is the cabinet-level executive to which the

other defendants report, and bears ultimate responsibility for administering the provisions of ANILCA pertinent to this lawsuit.

6. Defendant Daniel Ashe is the Director of the U.S. Fish and Wildlife Service and is being sued in his professional capacity. He is responsible for administration of units of the national wildlife refuge system and implementation of USFWS regulations nationwide.

7. Defendant Geoffrey Haskett is the Alaska Regional Director of the U.S. Fish and Wildlife Service and is being sued in his professional capacity. He is responsible for administration of units of the national wildlife refuge system and implementation of USFWS regulations in Alaska.

8. Defendant Department of the Interior is an agency of the United States.

9. Defendant U.S. Fish and Wildlife Service is a bureau of the Department of the Interior charged with administering units of the national wildlife refuge system, including ANWR.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 701 – 706, 28 U.S.C. § 1331, 28 U.S.C. §§ 2201-02, and 28 U.S.C. § 1391.

11. This Court has jurisdiction over this action because the judicial review provisions of the APA waive the sovereign immunity of the Federal government to this type of challenge, and provide a right of judicial review for persons suffering a legal wrong because of agency action or who are adversely affected or aggrieved by agency action within the meaning of a relevant statute. 5 U.S.C. § 702.

Complaint for Declaratory and Injunctive Relief Page 4 of 18
*Alaska v. Jewell* 3:14-CV-

12. This Court has jurisdiction over this action because the APA provides a right of judicial review for final agency action for which there is no other adequate remedy. 5 U.S.C. § 704.

13. This Court has jurisdiction over this action because the APA authorizes this Court to decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action, and to hold unlawful and set aside agency action that is not in accordance with law or is in excess of statutory jurisdiction. 5 U.S.C. § 706.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because this action is brought against officers of agencies of the United States in their official capacities and the Department of the Interior and the U.S. Fish and Wildlife Service, and actions and decisions challenged by this lawsuit were made, at least in part, in Alaska, and have a direct impact in the State. Additionally, all of the property that is the subject of this action is situated in Alaska.

15. The Court has personal jurisdiction over the individual defendants in this case pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to this action occurred in Alaska and because all of the property that is the subject of this action is situated in Alaska.

**STANDING**

16. The State of Alaska has standing to bring this lawsuit because the State has suffered actual injury caused by USFWS' refusal to consider its Exploration Plan due to its erroneous view that its authority to do so under ANILCA has expired. Defendants' refusal to consider the State's Exploration Plan has denied the State—and the nation—the geologic information that would be

Complaint for Declaratory and Injunctive Relief Page 5 of 18
*Alaska v. Jewell* 3:14-CV-

obtained if the State's Exploration Plan was approved and the State allowed to conduct the three-dimensional seismic survey that it has proposed.

17. The State's injury also results from defendants' unlawful regulations, which it incorrectly interprets to restrict the time period for submitting exploration plans and special use permit applications, and which are, in any event, invalid as applied to the State's Exploration Plan.

18. The State's injury in being denied the opportunity to explore the 1002 area and gather information is a concrete and direct result of defendants' refusal to consider the State's Exploration Plan as required by section 1002(e) of ANILCA.

19. The State's injuries would be completely redressed by the Court's finding that ANILCA authorizes and requires defendants to evaluate the State's Exploration Plan and a declaration that the State's Exploration Plan was timely submitted to defendants, or that the time limits in defendants' regulations are invalid.

## RIPENESS

20. The facts alleged herein depict a ripe controversy.

21. Delayed review would continue to deny the State's legal right to have its exploration plan and special use permit application considered by the defendants and to the geologic information the State would obtain from conducting the proposed activities in the 1002 area.

22.     Judicial intervention at this time would not inappropriately interfere with further administrative action, as defendants' denial of the State's request for reconsideration is final agency action and no further administrative processes or remedies are available to the State.

23.     A justiciable controversy exists between the parties, and a declaratory judgment will settle the controversy and is necessary to mitigate the harm that the State has suffered and continues to suffer.

24.     A permanent injunction that enjoins the defendants from applying and enforcing the challenged regulation will remediate the State's injury and is necessary to protect the State and all other entities that would benefit from exploration of the 1002 area after resolution of these proceedings.

25.     The State has exhausted all administrative remedies.

**THE ALASKA NATIONAL INTEREST LANDS CONSERVATION ACT (ANILCA) AND THE 1002 AREA**

26.     In 1980, Congress passed Public Law 96–487, the Alaska National Interest Lands Conservation Act. ANILCA affected over 100 million acres of federal lands in Alaska, doubling the size of the country's national park and refuge systems and tripling the amount of land designated as wilderness. From the time it was introduced in the U.S. House of Representatives in 1977, until it was enacted in 1980, Congress considered more than a dozen versions of the legislation. The final Act is a carefully crafted compromise intended to reflect Congress' struggle for balance between conservation of public lands in Alaska and the opportunity for satisfaction

of the economic and social needs of Alaska and Alaskans, as established in the Statehood compact. 16 U.S.C. § 3101(d); Pub. L. No. 85–508, 72 Stat. 338 (1958).

27. ANILCA created or added to a total of sixteen wildlife refuges statewide. The Act added over 9 million acres of public land to the existing Arctic National Wildlife Range and re-designated the area as the Arctic National Wildlife Refuge. Approximately 8 million acres, comprising most of the original Range, was designated Wilderness. 16 U.S.C. § 1132(3); Pub. L. No. 96-487, § 303(2) (codified at 16 U.S.C. 668dd note).

28. During the development and passage of ANILCA, use of the coastal plain area in ANWR was intensely debated. Congress ultimately authorized "exploratory activity within the coastal plain in a manner that avoids significant adverse effects on the fish and wildlife and other resources," while simultaneously mandating an analysis of the impacts of oil and gas exploration and an ongoing assessment of the fish and wildlife resources of the Refuge. 16 U.S.C. 3142(a). The coastal plain area of ANWR consists of approximately 1.5 million acres and is often referred to as "the 1002 area" because section 1002 of ANILCA—in recognition of the extraordinary biological resources and potential oil and gas wealth of the coastal plain area—prescribes specific study and exploration requirements for the area. 16 U.S.C. § 3142.

29. Congress also enacted section 1003, which prohibits leasing and other development leading to production of oil and gas from the Refuge unless authorized by a further Act of Congress. 16 U.S.C. § 3143.

30. Section 1002(d)(1) directs the Secretary to establish regulatory guidelines that "shall include such prohibitions, restrictions, and conditions on the carrying out of exploratory

activities as the Secretary deems necessary or appropriate to ensure that exploratory activities do not significantly adversely affect the fish and wildlife, their habitats, or the environment." 16 U.S.C. § 3142(d)(1).

31.     These guidelines are promulgated at 50 C.F.R. §§ 37.31-37.33.

32.     Section 1002(e) of ANILCA contains requirements for exploration plans for the coastal plain, and states:

> Upon receiving any exploration plan for approval, the Secretary shall promptly publish notice of the application and the text of the plan in the Federal Register and newspapers of general circulation in the State. *The Secretary shall determine, within one hundred and twenty days after any plan is submitted for approval, if the plan is consistent with the guidelines established under subsection (d) of this section. If the Secretary determines that the plan is so consistent, he shall approve the plan*: except that no plan shall be approved during the two-year period following December 2, 1980. *Before making the determination, the Secretary shall hold at least one public hearing in the State for purposes of receiving the comments and views of the public on the plan*.

16 U.S.C. § 3142(e)(emphasis added).

33.     Section 1002(h) of ANILCA directed the Secretary to submit a report to Congress between December 2, 1985 and September 1986:

   a. identifying the areas within the coastal plain with oil and gas production potential and estimating the volume of oil and gas concerned;

   b. describing the fish and wildlife, their habitats, and other resources within the areas with oil and gas potential;

    c. evaluating the adverse effects that oil and gas exploration would have on the fish and wildlife and their habitats;

    d. describing how such oil and gas could be transported to processing facilities;

    e. evaluating how such oil and gas relates to the national need for additional domestic sources of oil and gas; and

    f. recommending whether further exploration, development, and production of oil and gas in the coastal plain should be permitted and under what circumstances.

16 U.S.C. § 3142(h).

34. The Secretary submitted the Arctic National Wildlife Refuge Coastal Plain Resource Assessment ("the 1002(h) report") to Congress in April, 1987, seven months after the statutory deadline. In it, the Secretary stated that "The 1002 area is the Nation's best single opportunity to increase significantly domestic oil production over the next 40 years. It is rated by geologists as the most outstanding petroleum exploration target in the onshore United States."

35. In the 1002(h) report the Secretary recommended that Congress authorize "an orderly oil and gas leasing program for the entire 1.5-million-acre 1002 area."

36. Congress has not yet enacted legislation that addresses the recommendations in the 1002(h) report.

37. Thus, the coastal plain remains open to "exploratory activity," as defined in section 1002, but closed to leasing and other development leading to production of oil and gas.

38. The first ANWR Comprehensive Conservation Plan/Environmental Impact Statement ("CCP/EIS") prepared pursuant to ANILCA was finalized in September, 1988—

seventeen months after the 1002(h) report was submitted to Congress. The 1988 CCP acknowledges the 1002(h) report, and states that the 1002 area will be managed as a minimal management area until Congress takes further action to clarify its intent for how the coastal plain is to be managed. The 1988 CCP deferred to the findings and recommendations in the 1002(h) report and did not consider any management alternatives for the coastal plain.

39. In April, 2010, USFWS initiated the process to revise the 1988 ANWR CCP by publishing a notice of intent in the Federal Register. 75 Fed. Reg. 17763. The public review draft CCP was made available for public comment on August 15, 2011. 76 Fed. Reg. 50490.

40. Unlike the 1988 CCP, which acknowledged the Secretary's recommendation in the 1002(h) report that Congress authorize "an orderly oil and gas leasing program for the entire 1.5-million-acre 1002 area," and declared that "no further study or public review is necessary for the Congress to designate the 1002 area as wilderness," the public review draft of the Revised CCP included no oil and gas exploration alternative for the 1002 area but did include two alternatives that would recommend that Congress designate the 1002 area as wilderness.

41. The public comment period on the public review draft of the Revised CCP closed on November 14, 2011. 76 FR 50490.

42. More than two years after the close of the public comment period on the Revised CCP, the final Revised CCP still has not been issued.

43. Thus, the 1988 CCP and the 1002(h) report continue to provide management guidance for ANWR.

## THE STATE OF ALASKA'S EXPLORATION PLAN

44. On May 18, 2013, Alaska Governor Sean Parnell wrote to defendant Secretary Jewell expressing disappointment that the Draft CCP for ANWR did not include an oil and gas exploration and development alternative as required by ANILCA and the National Environmental Policy Act (NEPA).

45. In his May 18 letter, Governor Parnell offered Secretary Jewell two items. The first was an "Oil and Gas Resource Evaluation and Exploration Proposal" that described an oil and gas evaluation and exploration management alternative for the 1002 Area. As mentioned above, the Draft CCP included only conservation-oriented management alternatives—including making the 1002 area a wilderness study area—and did not include an oil and gas evaluation alternative as required by ANILCA and NEPA. *See* Exhibit 1.

46. The second item Governor Parnell offered defendant Jewell was a pledge to request up to $50 million from the Alaska Legislature to help fund the three-dimensional seismic program described in the Oil and Gas Resource Evaluation and Exploration Proposal if the United States Geological Survey (USGS) would lead the effort and partner with the Alaska Division of Geological and Geophysical Surveys (DGGS). *See* Exhibit 1.

47. The Secretary rejected both offers in her June 28, 2013 letter to Governor Parnell, claiming that the statutory authority for exploring the 1002 area expired in 1987 when the Department of the Interior submitted the 1002(h) report to Congress. *See* Exhibit 2.

48. On July 9, 2013, Governor Parnell again wrote to Secretary Jewell, this time submitting the State of Alaska's "ANILCA Section 1002(d) Exploration Plan and Special Use Permit Application" and renewing the Governor's pledge to seek support from the Alaska

Legislature to help fund the three-dimensional seismic program set forth in the Exploration Plan. *See* Exhibit 3.

49.     Unlike the USGS-lead effort outlined in the Governor's May 18, 2013 letter, the Exploration Plan would put the State in the lead under the provisions of section 1002 of ANILCA. The State also delivered the Governor's July 9 letter and the Exploration Plan to defendant Geoffrey Haskett, Alaska Regional Director of the USFWS.

50.     On July 23, 2013, defendant Haskett refused to consider the State's Exploration Plan, relying on a 2001 memorandum from the Solicitor of the Department of the Interior that concluded that the authorization in section 1002 of ANILCA for an exploration program had expired with the submission of the Report to Congress in 1987. *See* Exhibit 4.

51.     Defendant Haskett did not review the State's Exploration Plan for compliance with the regulatory guidelines as required by section 1002(e) of ANILCA. Nor did Defendant Haskett promptly publish notice of the application and text of the plan in the Federal Register and Alaska newspapers and hold a public hearing in Alaska as required by ANILCA section 1002(e)(2). 16 U.S.C. § 3142(e)(2).

52.     Pursuant to 50 C.F.R. § 37.22(c), the State requested on August 21, 2013 that defendant Daniel M. Ashe, Director of USFWS reconsider the Regional Director's refusal to consider the State's Exploration Plan without evaluating it for compliance with the regulatory guidelines in 50 C.F.R. Part 37 as required by ANILCA. *See* Exhibit 5.

53.     The State's request emphasized the non-invasive, non-disruptive nature of the proposed 3-D seismic investigation, and explained in detail how the Regional Director's decision

Complaint for Declaratory and Injunctive Relief                                    Page 13 of 18
*Alaska v. Jewell* 3:14-CV-

Case 3:14-cv-00048-SLG   Document 1   Filed 03/14/14   Page 13 of 18

and the 2001 Solicitor's memorandum violate the plain language of section 1002(e) of ANILCA and are not well founded in the law. The State also argued that oil and gas exploration in the ANWR was authorized by the National Wildlife Refuge System Administration Act, 16 U.S.C. § 668dd(d), which permits activities that are compatible with the major purposes for which the refuge was established. *See* Exhibit 5.

54. On September 20, 2013, defendant Daniel Ashe affirmed the USFWS Regional Director's decision to reject the State's Exploration Plan without evaluating its compliance with the regulatory guidelines or following the public notice requirements in ANILCA and its implementing regulations. Ashe's decision relied on the analysis in the 2001 Solicitor's memorandum, and also concluded that section 1002 of ANILCA conflicted with and superseded the National Wildlife Refuge System Administration Act. *See* Exhibit 6.

**FIRST CLAIM FOR RELIEF**
**(Declaratory judgment that defendants have violated ANILCA § 1002(e) by summarily refusing to consider the State's Exploration Plan and Special Use Permit Application)**

55. Defendants' refusal to consider the State's Exploration Plan violates the mandate in section 1002(e) of ANILCA that all exploration plans submitted to the Secretary be evaluated for consistency with the guidelines established under ANILCA section 1002(d) and, if consistent with the guidelines, approved. 16 U.S.C. § 3142(e); 16 U.S.C. § 3142(d).

56. Because the defendants have violated ANILCA, the State of Alaska is entitled to an order declaring and adjudging that the defendants' refusal to consider the State's Exploration Plan is in excess of statutory jurisdiction and authority, short of statutory right, and contrary to

law, and directing defendants to review the State's Exploration Plan for compliance with the guidelines established under ANILCA section 1002(d). 5 U.S.C. § 706(2)(C).

## SECOND CLAIM FOR RELIEF
**(Declaratory judgment that application of the time limitations in 50 C.F.R. § 37.21(b) to refuse to consider Alaska's exploration plan violates 16 U.S.C. 3142(e) and 50 C.F.R. § 37.21(b))**

57. Defendants' application of the time frames in the regulations at 50 C.F.R. § 37.21 to refuse to consider the State of Alaska's "ANILCA Section 1002(d) Exploration Plan and Special Use Permit Application" violates the mandate in section 1002(e) of ANILCA that all exploration plans submitted to the Secretary be evaluated for consistency with the guidelines established under ANILCA section 1002(d) and, if consistent with the guidelines, approved. 16 U.S.C. § 3142(e); 16 U.S.C. § 3142(d).

58. Defendants' refusal also violates the terms of the regulations themselves.

59. Defendants' application of the time frames in 50 C.F.R. § 37.21 to refuse to consider the State's Exploration Plan is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

60. Defendants' application of the time frames in 50 C.F.R. § 37.21 to summarily reject the State's Exploration Plan is in excess of statutory jurisdiction, authority, and limitations and short of statutory right. 5 U.S.C. § 706(2)(C).

61. Because defendants have violated their own regulations and ANILCA, in deciding that the State's Exploration Plan was not timely submitted, the State is entitled to an order

Complaint for Declaratory and Injunctive Relief        Page 15 of 18
*Alaska v. Jewell* 3:14-CV-

Case 3:14-cv-00048-SLG   Document 1   Filed 03/14/14   Page 15 of 18

declaring that the State's Exploration Plan was timely submitted and declaring that anything in the regulations to the contrary is invalid.

### THIRD CLAIM FOR RELIEF
### (Permanent injunction prohibiting defendants from applying the invalid time limitations in 50 C.F.R. § 37.21 to refuse to consider the State's Exploration Plan )

62. Defendants' application of the time frames in the regulations at 50 C.F.R. § 37.21 to reject the State of Alaska's "ANILCA Section 1002(d) Exploration Plan and Special Use Permit Application" violates the mandate in section 1002(e) of ANILCA that all exploration plans submitted to the Secretary be evaluated for consistency with the guidelines established under ANILCA section 1002(d) and, if consistent with the guidelines, approved. 16 U.S.C. § 3142(e); 16 U.S.C. § 3142(d).

63. Because application of these regulations to summarily reject exploration plans and special use permit applications submitted after June 4, 1984 violates ANILCA, the State is entitled to an order permanently enjoining defendants from applying or enforcing the time limits in the regulation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff State of Alaska respectfully requests that this Court enter judgment providing the following relief:

i. Declare that the defendants' September 20, 2013 refusal to consider the State's Exploration Plan, as set forth above, was arbitrary and capricious, an abuse of discretion, and not in accordance with law, and vacate and set aside that refusal;

ii. Declare that the dates in 50 C.F.R. § 37.21 for submitting exploration plans and

special use permit applications do not prohibit defendants from accepting and evaluating exploration plans and special use permit applications on other dates, including the present time;

  iii. Vacate and set aside any provision in 50 C.F.R. § 37.21 that purports to impose time constraints on the submittal of the State's Exploration Plan;

  v. Permanently enjoin defendants from applying the specified dates in 50 C.F.R. § 37.21 to refuse to consider the State's Exploration Plan;

  vi. Order defendants to review the State's Exploration Plan for compliance with the guidelines established pursuant to 16 U.S.C. § 3142(d);

  vi. Order Defendants to pay all of Alaska's reasonable costs and fees permitted by law; and

  vii. Grant Alaska such other and further relief as the Court may deem necessary and appropriate.

Complaint for Declaratory and Injunctive Relief              Page 17 of 18
*Alaska v. Jewell* 3:14-CV-

Case 3:14-cv-00048-SLG   Document 1   Filed 03/14/14   Page 17 of 18

DATED this 13th day of March, 2013.

                MICHAEL C. GERAGHTY
                ATTORNEY GENERAL

By: *s/David L. Bernhardt*
     David L. Bernhardt
     Lawrence J. Jensen
     Brownstein Hyatt Farber Schreck, LLP
     1350 I Street, NW, Suite 510
     Washington, D.C. 20005-3305
     Telephone: (202) 296-7353
     Facsimile: (202) 296-7009
     Email: dbernhardt@bhfs.com
             ljensen@bhfs.com

*Pro Hac Vice applications pending*

J. Anne Nelson
(Alaska Bar No. 0705023)Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 279-2834
Email: anne.nelson@alaska.gov

**Counsel for Plaintiff State of Alaska**

Complaint for Declaratory and Injunctive Relief      Page 18 of 18
*Alaska v. Jewell* 3:14-CV-